**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Susan Garvey,

Plaintiff,

vs.

The St. Paul Companies, Inc.,
A Minnesota corporation,

Defendant.

**Civ. No. 00-CV-770 PAM/JGL**

**CONFIDENTIALITY AGREEMENT AND ORDER**

The parties to this action, Defendant The St. Paul Companies, Inc. ("St. Paul") and Plaintiff Susan Garvey ("Garvey") by their respective counsel, hereby stipulate and agree, and request that the Court enter a mutual protective order, as follows:

1 St. Paul and Garvey may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3 and 4. For the purpose of this Confidentiality Agreement and Order, matters deemed "CONFIDENTIAL" shall include trade secret or other confidential research, development, or commercial information, as described in Fed. R. Civ. P. 26(c)(7). Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2 Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by St. Paul or Garvey stamping the words "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by bates number and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing party's counsel and accompanying the production of such document(s).

FILED 10-17-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3 St. Paul or Garvey may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this case, it shall be so marked and separately filed under seal with Court.

4 St. Paul or Garvey may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5 Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Court.

6 Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation; and

(c) Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material.

7 "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 6(b)) unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement.

8 No party shall, for himself or itself or for any person or persons acting on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

9 Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

10 If St. Paul or Garvey object to the designation of any document, testimony, information or material as "CONFIDENTIAL," he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation under the standard set forth in Fed. R. Civ. P. 26(c). Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the

"CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement.

11 Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial or a hearing in this matter, he or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

12 Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party(ies). Copies of "CONFIDENTIAL" documents which have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

13 This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Date: October 11, 2000

**LITTLER MENDELSON, P.C.**

By ______________________________
Marko J. Mrkonich (#125660)
Thomas R. Revnew (#0295620)
Multifoods Tower, Suite 3110
33 South 6th Street,
Minneapolis, Minnesota 55402.3716
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANT THE ST. PAUL COMPANIES, INC.**

Date: October 13, 2000

**BORKON, RAMSTEAD, MARIANI, FISHMAN & CARP**

By ______________________
Howard L. Bolter
485 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: 612.333.5956
Facsimile: 612.333.7155

**ATTORNEY FOR PLAINTIFF SUSAN GARVEY**

**SO ORDERED:**

Dated this 17 day of Oct, 2000.

BY THE COURT:

______________________
United States District Court
JONATHAN LEBEDOFF

MINNEAPOLIS:19526.1 028504.1096
10/11/00 8:54 AM